784 S.E.2d 669

**Richard STOGSDILL, Petitioner,**

v.

**SOUTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

Appellate Case No. 2014–002513.

Supreme Court of South Carolina.

March 24, 2016.

## ORDER

After granting a writ of certiorari to review the decision of the South Carolina Court of Appeals in this case, this Court issued an opinion on January 20, 2016, dismissing the writ as improvidently granted. That same day, the remittitur was sent to the Administrative Law Court.

Petitioner has now filed a motion requesting that this Court vacate its opinion pursuant to Rule 60(b)(3), SCRCP, and seeking leave to supplement the record in this matter pursuant to Rule 212(b), SCACR. Alternatively, Petitioner seeks a rehearing pursuant to Rule 221(a), SCACR.

Initially, to the extent Petitioner petitions the Court to vacate its opinion under Rule 60, SCRCP, we remind Petitioner that the South Carolina Rules of Civil Procedure are inapplicable in appellate proceedings. *See* Rule 73, SCRCP ("Procedure on appeal to the South Carolina Supreme Court or the South Carolina Court of Appeals shall be in accordance with the South Carolina Appellate Court Rules."); Rule 81, SCRCP (providing the SCRCP "shall apply to every *trial court* of civil jurisdiction within this state" (emphasis added)).

To the extent Petitioner's motion seeks a rehearing of this Court's decision, such a request is improper because petitions

for rehearing are not entertained following this Court's dismissal of a writ of certiorari as improvidently granted. *See* Rule 221(a), SCACR ("No petition for rehearing shall be allowed from an order denying a petition for a writ of certiorari. . . ."); *Hollins v. Wal–Mart Stores, Inc.,* 392 S.C. 313, 313, 709 S.E.2d 625, 626 (2011) (finding that, for purposes of Rule 221(a), SCACR, a dismissal of a writ of certiorari as improvidently granted is equivalent to the denial of a petition for a writ of certiorari since both dispositions indicate this Court has determined there is no need to discuss or further review the merits of the case).

Further, since the opinion of this Court was not subject to any petition for rehearing, the remittitur was properly sent when the opinion was filed. The sending of the remittitur ended appellate jurisdiction over this case, and no further motions will be entertained after the remittitur is sent. *Wise v. S.C. Dep't of Corr.,* 372 S.C. 173, 174, 642 S.E.2d 551, 551 (2007).

Therefore, Petitioner's motion is hereby stricken and dismissed.

s/Costa M. Pleicones, C.J.

s/Donald W. Beatty, J.

s/John W. Kittredge, J.

s/Kaye G. Hearn, J.

MOORE, A.J., not participating.